NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-547

STATE OF LOUISIANA

VERSUS

BRIAN MICHAEL HUGHES
A/K/A BRIAN HUGHES

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 16-490
HONORABLE WARREN DANIEL WILLETT, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett
and Shannon J. Gremillion, Judges.

SENTENCE VACATED AND REMANDED.

Paula C. Marx
Louisiana Appellate Project
P. O. Box 82389
Lafayette, LA 70598-2389
(337) 991-9757
COUNSEL FOR DEFENDANT-APPELLANT:
    Brian Michael Hughes

James P. Lemoine
District Attorney, Thirty-fifth Judicial District
Jimmy D. White
Assistant District Attorney
P. O. Box 309
Colfax, LA 71417-0309
(318) 627-3205
COUNSEL FOR PLAINTIFF-APPELLEE:
    State of Louisiana

**PICKETT, Judge.**

## FACTS

On April 20, 2016, the defendant, Brian Michael Hughes, was arrested and charged with possession of methamphetamines, a violation of La.R.S. 40:967(C). The defendant possessed 1.73 grams of crystal methamphetamine. He was found guilty as charged on February 14, 2017. The trial court sentenced the defendant to five years at hard labor on April 13, 2017.

The defendant appealed; this court reversed his conviction, finding the state failed to prove his guilt beyond a reasonable doubt. *State v. Hughes*, 17-458 (La.App. 3 Cir. 11/29/17), 258 So.3d 179. The Louisiana Supreme Court granted the state's writ application on January 18, 2019. The supreme court reversed this court's decision and reinstated the defendant's conviction and sentence on June 26, 2019. *State v. Hughes*, 18-06 (La. 6/26/19), __ So.3d __.

While the defendant's appeal to this court was pending, the state charged the defendant as a habitual offender pursuant to La.R.S. 15:529.1 on April 21, 2017. The bill of information alleged that the defendant had previously been convicted of possession of CDS I with intent to distribute, a violation of La.R.S. 40:966(A)(1), on May 8, 2008; attempted possession of a firearm, a violation of La.R.S. 14:95.1 and 14:27, on January 13, 2011; conspiracy to produce/manufacture CDS II, a violation of La.R.S. 40:967(A)(1) and 14:26, on August 15, 2013; and possession of CDS II, a violation of La.R.S. 40:967(C), on February 14, 2017. The bill sought to sentence the defendant as a fourth felony offender.

In written reasons dated August 15, 2017, the trial court vacated the defendant's five-year sentence imposed on April 13, 2017, and adjudicated him a fourth felony offender. The trial court then sentenced the defendant to life imprisonment.

The defendant filed a motion to reconsider his sentence on September 8, 2017. The trial court denied that motion, noting it considered the defendant's age and criminal history at the sentencing hearing.

After this court reversed the defendant's last underlying conviction for possession of methamphetamine on November 29, 2017, the defendant filed a motion for an out-of-time appeal of his habitual offender adjudication and life sentence on December 21, 2017. The district court clerk's office did not forward the notice of the defendant's appeal to this court until August 29, 2018.

On January 3, 2018, the State filed a writ application with the Louisiana Supreme Court seeking review of this court's reversal of the trial court's conviction and sentence. The court granted the State's writ on January 18, 2019. It issued a *per curiam* on June 26, 2019, found this court "erred in its analysis of the defendant's sole contention on appeal," and reinstated the defendant's conviction and sentence.

The defendant has now filed his brief pursuant to this court's briefing schedule, seeking review of his habitual offender adjudication and his life sentence.

## ASSIGNMENTS OF ERROR

1. The 2018 Legislative Amendment to habitual offender sentencing laws in La. R.S. § 15:529.19 was an unconstitutional, ex post facto change in the law. The Legislature, in 2017 bestowed sentencing rights upon defendants, such as Brian Hughes, to a maximum sentence of twenty years as a fourth- felony offender with a non-violent criminal history. The 2018 Amendment stripped defendants of that right.

2. Ameliorative changes to LSA R. S. 40:967 currently provide that the maximum sentence for the instant offense - possession of less than 2 grams of a Schedule II CDS - is two years with or without hard labor. Yet with no consideration for ameliorative changes in the law or mitigating factors presented, the court sentenced Brian Hughes as a

2

fourth-felony offender to serve life in prison for possessing a small amount of methamphetamines.

The trial court failed to comply with the mandates of Code of Criminal Procedure Article 894.1 and erred in imposing a sentence that is unconstitutionally excessive for this young offender who has substance abuse issues and no violent criminal history.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, this court finds there are potential errors patent raised and discussed in Assignment of Error Number One.

## ASSIGNMENT OF ERROR NUMBER ONE

The defendant argues that the trial court's application of the 2018 amendment to La.R.S. 15:529.1 regarding the sentencing of habitual offenders subjects him to an unconstitutional, *ex post facto* change in the law.

After the trial court sentenced the defendant and since the filing of the defendant's brief, the Louisiana Supreme Court decided *State v. Lyles*, 19-203 (La. 10/22/19), __ So.3d __,[1] and held that 2017 La. Acts No. 282, §2 applies to those whose habitual offender bills were filed before November 1, 2017, and whose convictions became final after that date. The defendant's habitual offender bill was filed on April 21, 2017. His conviction became final fourteen days after June 26, 2019, when the Louisiana Supreme Court reinstated the trial court's verdict of guilty. La.Code Crim.P. art. 922(B). Thus, 2017 La. Acts No. 282 applies to the defendant, whose habitual offender bill was filed before November 1, 2017, and whose conviction became final after that date.

Act 282 amended La.R.S. 15:529.1(A)(4)(b) to read:

---

[1]The Westlaw citation is 2019 WL 5435291.

A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:

. . . .

(4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then the following sentences apply:

. . . .

(b) If the fourth felony and no prior felony is defined as a crime of violence under R.S. 14:2(B) or as a sex offense under R.S. 15:541, the person shall be imprisoned for not less than twenty years nor more than twice the longest possible sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years.

The trial court's application of the 2018 amendment to La.R.S. 15:529.1 was erroneous considering the supreme court's decision in *Lyles*. The 2017 amendment, set out in 2017 La. Acts No. 282, applies to this case. Accordingly, we vacate the defendant's sentence and remand this matter to the trial court for resentencing in accordance with 2017 La. Acts No. 282.

## ASSIGNMENT OF ERROR NUMBER TWO

The defendant contends the trial court erroneously sentenced the defendant to life imprisonment without considering the ameliorative changes to La.R.S. 40:967. Thus, the defendant argues, his life sentence is constitutionally excessive.

This assignment of error is moot because we vacate the defendant's sentence.

4

# CONCLUSION

This court hereby vacates the defendant's life sentence and remands this matter to the trial court for resentencing in accordance with 2017 La. Acts No. 282 and *State v. Lyles*, 19-203 (La. 10/22/19), __ So.3d __.

**SENTENCE VACATED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3